Kim E. Richman
**THE RICHMAN LAW GROUP**
195 Plymouth Street
Brooklyn, NY 11201
(212) 687-8291 (telephone)
(212) 687-8292 (facsimile)

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONNIE ABRAHAM

         Plaintiff,    **AMENDED COMPLAINT**

   -against-       **Jury Trial Demanded**

THE CITY OF NEW YORK and P.O.s   14-cv-8762 (LGS)
JOHN DOE #1-5, Individually and in
their Official Capacities (the names "John
Doe" being fictitious, as the true names
are presently unknown),

        Defendants.

  Plaintiff Ronnie Abraham, by his attorney, Kim E. Richman, complaining of the

above-referenced defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

  1.  Plaintiff Ronnie Abraham ("Plaintiff") brings this action for compensatory

damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988 for

the wrongful acts of defendants THE CITY OF NEW YORK ("CITY") and POLICE

OFFICERS JOHN DOE #1-5 (collectively "Defendants"), all acting under color of state

law and pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the United States and the State of New York.

**JURISDICTION**

2.      This action seeks redress for violation of Plaintiff's constitutional and civil rights, pursuant to, *inter alia*, 42 U.S.C. §§ 1983, 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitution and laws of the State of New York. Plaintiff invokes this Court's jurisdiction pursuant to these constitutional and statutory provisions and pursuant to 28 U.S.C. §§ 1331, 1343.

3.      Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims that derive from the same nucleus of operative facts that gives rise to the federal claims, pursuant to 28 U.S.C. § 1367.

**VENUE**

4.      Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

**TRIAL BY JURY**

5.      Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.      At all times relevant hereto, Plaintiff Ronnie Abraham was a resident of Brooklyn, New York.

7.      Defendant THE CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York; Defendant CITY operates, manages, directs,

2

and controls the New York City Police Department ("NYPD"), which employs Defendant P.O.s JOHN DOE #1-5.

8.     At all times relevant to this action, Defendant P.O.s JOHN DOE #1-5 were police officers employed by the NYPD and acting under color of state law.

9.     Defendant P.O.s JOHN DOE #1-5 participated directly in and/or failed to intervene in the violations of Plaintiff's constitutional rights committed by the other individual Defendants.

10.     Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, captains and employees of the NYPD.

11.     At all times relevant hereto and in all their actions described herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its NYPD, pursuant to their authority as employees, servants and agents of the Defendant CITY, within the scope of their employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and officers.

## **FACTS**

12.     During an afternoon in August of 2013, Plaintiff was approached and arrested by Defendant NYPD officers in front of the Port Authority bus station at 42nd Street and 8th Avenue, which is located in the Southern District of New York.

13.     Defendant NYPD officers informed Plaintiff that he was being arrested for possession of a controlled substance.

14.     Defendant NYPD officers then handcuffed Plaintiff and placed him into the back of an NYPD van to be transported to an NYPD precinct in Manhattan, which is located in the Southern District of New York.

15.     Defendant NYPD officers neglected to secure Plaintiff in a seatbelt before beginning transport, despite the fact that the vehicle had working seatbelts that could have been used to secure Plaintiff and ensure his safety during transport.

16.     Before and during transport, Plaintiff repeatedly pleaded to Defendant NYPD officers to put him in a seatbelt, as the vehicle was traveling at a high rate of speed and Plaintiff feared for his safety.

17.     While transporting Plaintiff, Defendant Officer John Doe #1 abruptly hit the brakes on the NYPD vehicle, causing Plaintiff, who was handcuffed and denied the protection of a seatbelt, to be thrown violently into the partition.

18.     As a result of this incident, Plaintiff sustained serious injuries to his right shin, which was split open and later required four stitches to close.

19.     Plaintiff also sustained a mild concussion, and injuries to his right knee and lower back.

20.     Plaintiff immediately notified Defendant NYPD officers that he had been seriously injured, was bleeding, and required immediate medical attention.

21.     Despite this, Defendant NYPD officers made stops at four or five different locations before arriving at the NYPD precinct in Manhattan.

22.     Eventually, Defendant NYPD officers detained six other people and placed them into the van with Plaintiff. None of these people were properly secured in a seatbelt during the entire period of transit.

4

23.     Plaintiff endured serious physical pain and emotional distress during this prolonged period in which Defendant NYPD officers neglected Plaintiff's need for medical attention due to injuries that were themselves caused by Defendant NYPD officers' wanton neglect.

24.     Finally, Plaintiff arrived at the precinct and was thereafter processed and transported to a hospital facility where he received treatment for his injuries.

25.     After being discharged from the hospital, Plaintiff was transferred to Central Booking and arraigned.

26.     Despite the treatment Plaintiff had ultimately received, the injuries caused by Defendants' unlawful acts continue to cause him significant physical and emotional pain and impairment.  Plaintiff's ongoing symptoms include, *inter alia*, constant pain in his right shin and lower back, pain in his right knee, and trauma-related anxiety and emotional distress due to his being denied by Defendant NYPD officers the basic right to wear a seatbelt, which caused the aforementioned injuries.

27.     Upon information and belief, Plaintiff filed a timely Notice of Claim with Defendant CITY's Office of the Comptroller regarding the incident and related injuries alleged herein.

28.     At least thirty days have elapsed since Plaintiff served his Notice of Claims on Defendant CITY. At least thirty days have elapsed since Plaintiff's Notice of Claim was filed and no payment or adjustment thereof has been made.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS

29.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

30.    All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

31.    All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by, *inter alia*, the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

32.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, and other agencies, all under the supervision of ranking officers of the NYPD.

34.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority that is forbidden by the Constitution of the United States.

35.     By these actions, Defendants have deprived Plaintiff of rights secured by the United States Constitution, in violation of 42 U.S.C. § 1983, for which Defendants are individually liable.

36.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

37.     By the actions described herein, Defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact, in violation of the Constitution and Laws of the State of New York.

38.     Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

39.     As a consequence of Defendants' actions as described herein, Plaintiff has been injured.

40.     Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

**SECOND CLAIM FOR RELIEF**
**NEGLIGENCE UNDER NEW YORK STATE LAW**

41.     Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

42.     Defendants had a legal duty to Plaintiff, including the duty to take reasonable precautions to ensure Plaintiff's safety in a moving vehicle during transport.

43.     Defendants' actions in refusing to secure Plaintiff in a seatbelt during transport, among other acts against Plaintiff, constituted a breach of that duty.

44.     As a consequence of Defendants' actions as described herein, Plaintiff suffered serious physical injuries and emotional distress, and has been otherwise injured.

45.     Defendants' actions herein inflicted serious physical injuries and emotional distress upon Plaintiff.

46.     Defendants' actions were the direct and proximate cause of the harm to Plaintiff.

47.     Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

**THIRD CLAIM FOR RELIEF**
**DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL CONDITION IN VIOLATION OF THE UNITED STATES CONSTITUTION UNDER 42 U.S.C. § 1983**

48.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

49.     As described herein, Defendants acted with deliberate indifference to Plaintiff serious medical condition by, *inter alia*, denying him appropriate medical treatment for his injuries that Plaintiff sustained while in Defendants' custody, despite the

8

seriousness and obviousness of Plaintiff's medical needs and his repeated requests for treatment.

50.     Defendants were actually and constructively aware of Plaintiff's serious medical needs.

51.     Defendants consciously disregarded the serious and obvious medical risk posed to Plaintiff's mental and physical well-being by, *inter alia*, failing to provide essential medical treatment for his serious medical condition.

52.     Defendants' deliberate indifference to Plaintiff's serious and obvious medical needs violated the Constitution of the United States.

53.     As a consequence of Defendants' actions as described herein, Plaintiff has been injured.

**FOURTH CLAIM FOR RELIEF**
**FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983**

54.     Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

55.     Those Defendants who were present in the places and during the times when Plaintiff's constitutional rights were violated, but who did not actively participate in the aforementioned unlawful conduct, did observe such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to so intervene.

56.     Accordingly, those Defendants who failed to so intervene violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments.

57.     As a direct and proximate result of this unlawful conduct, Plaintiff was subjected to serious physical injury, pain and suffering and emotional distress.

9

### FIFTH CLAIM FOR RELIEF
### <ins>MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983</ins>

58.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

59.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

60.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of said department.

61.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

62.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff, as alleged herein.

63.     The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff, as alleged herein.

64.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

65.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

66.     Defendant CITY, as municipal policymaker in the training and supervision of the NYPD, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain who suffer violation of the right to freedom from unlawful entry, negligence, and from the use of excessive and unreasonable force in violation of, *inter alia*, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, and the constitution and laws of the State of New York.

67.     All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    a.   To be free from denial of treatment for his serious medical needs; and

    b.   To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief,

jointly and severally, against Defendants:

1.  Special and compensatory damages in the amount of ONE MILLION

    ($1,000,000) DOLLARS.

2.  Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS.

3.  Reasonable attorney's fees and costs; and

4.  Such other and further relief as this Court deems just and proper.


DATED:      New York, New York
            April 28, 2015

                                    Respectfully submitted,


                                    _____
                                    Kim E. Richman
                                    **THE RICHMAN LAW GROUP**
                                    195 Plymouth Street
                                    Brooklyn, NY 11201
                                    (212) 687-8291 (telephone)
                                    (212) 687-8292 (facsimile)

                                    *Attorney for Plaintiff*