

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/2/15
```

GABRIEL P. HARVIS
BAREE N. FETT

October 1, 2015

BY ECF
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *Abraham v. City of New York, et al.*, 14 CV 8762 (LGS)

Your Honor:

  I am counsel to plaintiff in the above-referenced civil rights action. I write jointly with defendants to respectfully provide a status letter to the Court pursuant to the Court's order dated September 25, 2015. The parties also respectfully request that the Court endorse their proposed schedule as set forth below.

  Plaintiff filed this case *pro se* on October 29, 2014, naming as defendants unidentified police officers and the New York City Police Department, a non-suable entity. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Plaintiff subsequently retained counsel, leave to amend was granted and an amended complaint was filed on April 28, 2015. *See* ECF nos. 7-16. Due to an oversight, a summons for the amended pleading was not issued and, without realizing the error, defective service attempts were made on July 14, 2015 and August 25, 2015. *See* ECF nos. 20, 21 and 25. When the absence of a summons was brought to the attention of plaintiff's counsel, a request for the issuance of a summons was filed on ECF on September 1, 2015, and the summons was issued the following day. *See* ECF nos. 23-24. However, instead of curing the service defect at that time, an associate of my co-counsel's firm inadvertently re-filed the defective affidavit from a prior service attempt. *See* ECF no. 25.

  Based on the docket sheet, the undersigned was under the impression that the amended pleading had been served on July 14, 2015 and had calendared the City's

Hon. Lorna G. Schofield
Oct. 1, 2015

response deadline as October 2, 2015 pursuant to Local Civil Rule 83.10 (80 days after service). Following the Court's order of September 25, 2015, the undersigned spoke to defense counsel for the first time and came to learn of the deficiencies in the prior service (and ECF filings). The undersigned immediately arranged for the City to be correctly served and filed proof of service yesterday.[1] See ECF no. 27. The undersigned apologizes to the Court for the errors described above, and represents that every effort will be taken to avoid similar mistakes in the future.

As a courtesy to the undersigned, and given its notice of the action, the City of New York has agreed to answer or otherwise respond to the complaint within 30 days of yesterday's service, instead of the 80 days to which it might otherwise be entitled. Thus, if it should please the Court, the parties respectfully propose the following schedule for the Court's review and endorsement:

| | |
|---|---|
| Answer: | October 30, 2015 |
| Rule 26(f) Conference per LR 83.10: | November 13, 2015 |
| Initial Disclosures per LR 83.10: | November 20, 2015 |
| Limited Discovery per LR 83.10: | November 27, 2015 |
| Amended Pleadings per LR 83.10: | December 11, 2015 |
| Settlement Demand per LR 83.10: | December 11, 2015 |
| Settlement Offer per LR 83.10: | December 25, 2015 |
| Mediation deadline per LR 83.10: | ~~February 6, 2016~~ Jan. 8, 2016 |

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Application GRANTED in part.  The above-referenced schedule is adopted except the mediation conference shall be completed by January 8, 2016.  Within three business days of completing mediation, the parties shall file a joint status letter in accordance with Individual Rule IV.A.2.
Dated: October 2, 2015
    New York, New York

SO ORDERED

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[1] The City was served with the necessary releases on July 14th.